# In the United States Court of Federal Claims

No. 06-601 C

(Filed: October 5, 2006)

| | |
|---|---|
| ********************************** | |
| **WHITNEY, et al.**, | * |
| | * |
| Plaintiffs, | * |
| | * |
| v. | * |
| | * |
| **THE UNITED STATES,** | * |
| | * |
| Defendant. | * |
| | * |
| ********************************** | |

**SPECIAL PROCEDURES ORDER FOR CASES UNDER 28 U.S.C. § 1498(a)**
**(Revised May 19, 2006)**

Pursuant to Rules 1, 16, and 83(b), and Appendix A ¶ 1-2, of the Rules of the United States Court of Federal Claims (RCFC), in the interest of promoting inexpensive, efficient, and just litigation, it is ORDERED that each party shall comply with the following procedures:

1. Initial Matters.

   a. Pretrial Rules. Counsel shall familiarize themselves with the rules governing pretrial proceedings, particularly RCFC 5-7, 11, 16, 26, 77.2, and 83, and Appendix A ¶ 3, in order to ensure full and timely compliance with applicable deadlines, filing procedures, and other requirements. Note that the RCFC ,[1] though generally similar, are not identical to the Federal Rules of Civil Procedure.

   b. Communications with the Court. Unless invited or otherwise ordered by the court, communications with these chambers shall be by formal motion, whether filed in writing in the Clerk's Office or moved in open court. In particular, letters will not be accepted in lieu of motions without prior authorization. Notwithstanding this provision, counsel may, at any time, jointly request a conference with the Judge to discuss a dispute or other pending matter. Scheduling questions should be directed

[1] The Rules can be found in the Appendix to Title 28 of United States Code. The Rules are also reprinted in United States Code Annotated in a supplement to Title 28 and in United States Code Service in a supplement to the complete series.

to Chief Judge Damich's Judicial Assistant, at (202) 357-6483. Questions regarding CFC filing requirements and other standard court procedures should be directed to the Clerk's Office at (202) 357-6400.

c. Legibility. All papers filed with the court shall be legible. This requirement is especially important when photocopies of documents with small type are submitted.

d. Facsimile Transmission, Electronic Filings.

i. Requirements. For the court's convenience, counsel should include their fax numbers, in addition to their telephone numbers, on all filings.

ii. Courtesy Copies. Except in cases designated as Electronic Case Filing (ECF) only, a courtesy copy of time-sensitive filings[2] shall be transmitted to chambers either by facsimile (but only if less than 20 pages) or e-mail. Unless the court specifically orders otherwise, however, transmission of a courtesy copy to chambers does not constitute timely filing with the Clerk's Office under the rules of the court. Furthermore, the courtesy copy shall be transmitted to chambers concurrently with or after the original filing with the Clerk's Office.

1. Facsimile transmissions should be sent to:

Chief Judge Edward J. Damich
United States Court of Federal Claims
Tel. No.: (202) 357-6483
Fax No.: (202) 357-6490

2. E-mail transmissions should be sent, in the form of an attachment in Adobe Acrobat (PDF) (preferred) or in WordPerfect (WPD), to:

Damich_Chambers@ao.uscourts.gov

e. Court Closings. The Court of Federal Claims sometimes closes because of inclement weather in Washington, D.C. Counsel may contact the Clerk's Office at (202) 357-6407 or view the web site of the court at www.uscfc.uscourts.gov to inquire about such closings.

2. Professional Conduct. At all times during this proceeding, counsel's conduct should be characterized by personal courtesy and professional integrity in the fullest sense of those terms. In fulfilling their duty to represent their clients vigorously as lawyers, counsel should be mindful of their obligations to the administration of justice. Conduct that may be

---

[2] While the court requires only the text of motions and/or briefs in courtesy submittals to chambers, the appendices, exhibits, affidavits, etc., that sometimes are filed with a brief may also be submitted in PDF format if it is convenient for the parties to do so.

characterized as uncivil, abrasive, abusive, hostile, or obstructive impedes the fundamental goal of resolving disputes rationally, peacefully, and efficiently. Such conduct will not be tolerated and may result in sanctions being imposed. See, e.g., RCFC 37.

3. Motions - generally.

a. Page Limits. Briefs and memoranda in support of motions are limited in length as set out in RCFC 5.2(b). Leave of court is necessary to exceed these page limits.

b. Appendices. When an appendix of more than 50 pages is submitted, the appendix *may* be reproduced using both sides of the paper. If submitted in this way, the pages must be bound so that photocopying both sides of the page is possible.

c. Sample orders. For proposed orders of two pages or longer, such as protective orders, the parties should submit a draft order as an appendix to the motion. A courtesy copy of the draft order should also be emailed directly to chambers as an attached document.

d. Reconsideration of Orders or Rulings. The 10-day time limit specified in RCFC 59(b) shall also apply to motions for reconsideration of orders or other court rulings.

4. Motions for Enlargements of Time and Stays of Proceedings. The court intends to follow precisely any schedule established in the case and to apply strictly the rules regarding requests for enlargements of time and stays of proceedings.

a. Motions for Enlargements.

i. Timing. Motions for enlargement must be filed as early as possible, see RCFC 6(b), generally at least five (5) business days in advance.

ii. Requirements.

(1) Each request for an enlargement must specify the grounds and shall indicate whether the motion is opposed.

(2) The burden of establishing grounds for an enlargement is on the movant and motions are not granted automatically.

(3) In the case of requests filed out of time, the allegation of excusable neglect must be substantiated. See RCFC 6(b).

(4) After the second extension of time, counsel may be required to obtain the signature of the party (in the government's case, a representative of the agency) on motions for any further extensions of time.

b. Motions to Stay Proceedings.

i. Length of Time. Stays of proceedings for purposes of facilitating settlement negotiations shall not generally be granted beyond 90 days.

ii. Motions for Continuations of Stays. If a party moves for continuation of a stay beyond 90 days, that party shall denote, with specificity (e.g., dates, places, participants) the steps taken in pursuit of settlement during the time of the previous stay. Such motions shall also address the steps the parties expect to take in continued pursuit of settlement. The parties bear the burden of persuading the court that the case should not proceed thereafter concurrently with settlement negotiations.

5. Hearings and Status Conferences.

a. In General. At each hearing or conference, including the preliminary status conference held shortly after filing the joint preliminary status report (JPSR) required by Appendix A and one held after filing the post-discovery joint status report (JSR), the court explores the strengths and weaknesses of each party's arguments and may discuss the possibility of utilizing dispositive motions, alternative dispute resolution (ADR), discovery limitations, bifurcated proceedings, or other means for reducing the cost and delay of discovery and trial. See RCFC 16(c).

b. Time. The time for all hearings and status conferences is the time in Washington, D.C., unless otherwise expressly stated.

c. Participants. A representative of the party (in the case of the government, agency counsel or staff) must participate if counsel is not prepared to discuss in depth the factual and legal history of the claim(s), and technical matters requiring specialized expertise. A representative with the power to bind the Plaintiff shall be present at all settlement conferences. A representative of the agency with the power to recommend actions for the Defendant shall be present at all settlement conferences.

**d. Scope of Conference. At each conference, counsel are expected to be substantially prepared, e.g.,**

**i. ready to agree to a schedule for future proceedings;**

**ii. fully familiar with the facts, procedural history, and legal arguments, including the merits of any pending motion; and**

**iii. ready to discuss settlement prospects, ways to minimize unnecessary discovery, and appropriate ADR techniques.**

e. Attendance. Counsel are expected to appear at status conferences by telephone unless instructed otherwise. Whenever counsel is expected to appear by telephone, counsel shall e-mail chambers, at damich_chambers@ao.uscourts.gov , no later than one business day before the conference, to provide the phone number where he or she can be reached and to inform the court whether any others will be participating for that party (and, if so, their names, phone numbers, and affiliations). Status conferences and hearings shall be held on the record, unless the court directs otherwise. The record shall generally be made via audio-recording, unless either

party requests that a reporter be present. Such a request must be made at least five business days in advance of the conference.

f. Scheduling. Hearings and conferences will be scheduled by Chief Judge Damich's law clerk, who will contact counsel to make appropriate arrangements. A court order will be issued as to each such hearing or conference.

6. Supplemental Information in the JPSR. The purpose of the parties' JPSR, required by Appendix A ¶ 4 to be filed no later than 49 days after filing the answer or reply to a counterclaim, is to inform the court of relevant matters so that a plan and schedule for the litigation can be established at the preliminary status conference. Therefore, the JPSR shall provide the following information, which is in addition to or different from that required by the referenced paragraphs and subparagraphs of Appendix A: [3]

a. Paragraph 4(a). Provide the jurisdictional statute(s) upon which plaintiff relies, and plaintiff's detailed justification for invoking the CFC's limited statutory jurisdiction.

b. Paragraph 4(d). State whether there is any basis for transferring or remanding the case to another tribunal, and whether the parties are aware of any related cases in this or any other tribunal. See RCFC 40.2.

c. Paragraph 4(h). Describe the material issues of fact and law that are in dispute, as well as those that are not. This statement should not be elaborate or technical, but should be sufficient, at a minimum, to explain the basis for each counsel's certification under RCFC 11 with respect to the factual allegations and legal theories upon which any claim or defense is based, and to give the court adequate opportunity to prepare for, and participate meaningfully in, the preliminary status conference (e.g., assisting the parties in focusing and narrowing issues and disputes). Mere incorporation by reference or reiteration of the answer or the complaint normally will not satisfy this requirement.

d. Paragraph 4(i). The parties shall state whether any method of ADR, including those described below,[4] is viable. If none, they shall explain why, with particularity.

i. U.S. Court of Federal Claims' ADR Program. RCFC Appendix H ¶ 3(a) states that ADR is a voluntary procedure. When both parties agree to one of

---

[3] The JPSR must also be supplemented as the parties become aware of additional information.

[4] This list is by no means exhaustive; the parties are encouraged to suggest other alternative dispute resolution or trial simplification measures. The court recognizes that the government will not agree to certain binding methods of dispute resolution. However, it also notes the government's expressed support of ADR measures. See Executive Order 12,988 (Feb. 5, 1996); Department of Justice Policy on the Use of Alternative Dispute Resolution, 61 Fed. Reg. 36,895 (July 15, 1996).

these methods they may request the court to refer their dispute to the CFC's ADR Administrator.

1. Settlement Judge. In this flexible process, which can be used at any time during the proceedings, the ADR Administrator assigns the case to a CFC judge who will act as a neutral advisor. After a detailed discussion of the strengths and weaknesses of each party's case, the settlement judge will provide a judicial assessment of the dispute and the parties' settlement positions. If a resolution is not reached, the case is returned to the presiding trial judge for further action.

2. Mini-trial. In this procedure, which ordinarily takes place before discovery, the parties present an abbreviated version of their case to a judge other than the presiding judge. Useful in cases involving factual disputes, rather than legal ones, this process should not run longer than 3 months, with limited voluntary discovery. The hearing, which should last no more than a day, is informal and the parties are not bound by the rules of evidence or procedure. At its conclusion, the parties meet to discuss settlement. The mini-trial judge may play an active role or advise the parties on the merits, at the parties' option.

3. Third-Party Neutrals. A third-party neutral, appointed by the ADR Administrator from a panel of experienced attorneys trained in ADR, will meet with the parties and attempt to facilitate a resolution of the dispute.

ii. Other Means of ADR

1. Bifurcated Trial. A bifurcated case is tried in two parts. For example, a first trial may be held on the issue(s) of liability. A second trial, on damages, may be unnecessary if no liability is found. See RCFC 42(c).

2. Limited Discovery. The parties may agree to limit discovery to certain issues or to conduct discovery in a particular chronological order, while suspending other discovery, e.g., when dispositive motions covering fewer than all the issues in the case are anticipated.

3. Court-Appointed Experts/Neutral Fact-Finders. This method is useful, e.g., in patent cases when complex and technical factual disputes are presented. A neutral third-party fact-finder, chosen by the court and/or agreed upon by the parties based on his or her substantive or technical expertise, examines the disputed facts and submits detailed findings to the court.

4. Arbitration. This is an informal adversarial process, similar to the mini-trial, in which the case is heard and decided by one or more private attorneys or retired judges.

5. Mediation. A flexible, non-adversarial process that may include "shuttle diplomacy," mediation employs a neutral third party agreed upon by the parties to help the disputants fashion a mutually agreeable compromise.

6. Paper Trial. Trial time and expense are saved by allowing the parties to submit written evidence, e.g., affidavits and transcripts of depositions in which witnesses are cross-examined on their affidavits on disputed issues of fact.

e. Paragraph 4(l). Provide a joint representation, citing the date of the meeting, that counsel have held the early meeting of counsel as required in Appendix A ¶ 3. In addition, jointly stipulate to the date of the initial disclosures set forth in RCFC 26(a)(1) or state the grounds for any party's objections that such disclosures are not yet appropriate.

f. Paragraph 4(j) and Paragraph 5. Joint Proposed Scheduling Plan. In lieu of the requirements of ¶¶ 4(j) and 5 of Appendix A, the parties shall set forth a proposed scheduling plan. The parties' joint proposed scheduling plan shall include:

i. The requested place of any trial (and of hearings in general); the anticipated duration of trial;[5] and the earliest date by which the case can reasonably be expected to be ready for trial;

ii. The dates for joinder of additional parties;

iii. Whether either of the parties anticipates filing any dispositive motions. If so, the following details should be provided:

1. A date by which such motion will be filed;

2. The legal theory in support of such motion;

3. Whether the issue(s) on which a motion for summary judgment will be based should be resolved before or after a hearing on claim construction. For example, this court prefers to have indefiniteness resolved before claim construction; and

[5] Counsel should represent whether the time provided is for the entire case or for each side's case. Further, for planning purposes only, counsel should know that Chief Judge Damich usually conducts trials from approximately 10:00 a.m. to approximately 4:00 p.m. with appropriate breaks during the day. Of course, the daily trial schedule is subject to change.

4. If the motion is for summary judgment, whether either party desires that expert discovery precede the motion; if so, the grounds therefor;

iv. Whether the case should be conducted in phases. For example, it may be appropriate to delay the damages phase until after liability has been established. It may also be appropriate to divide the liability stage into discrete steps, such as construing the claims under *Markman v. Westview Instruments*, 517 U.S. 370 (1996), to determine whether the patent is valid,[6] and then determining whether there was infringement.

1. If the parties propose to proceed in phases, they should set forth a schedule relative to each such phase;

v. A date by which fact discovery will be completed. Any motion to compel, after the appropriate good faith effort to resolve the dispute, should be filed on or before this date. Accordingly, counsel must plan to serve discovery requests sufficiently before this date to permit the other side to object. In addition advise whether the case will likely involve the discovery of classified material;

vi. Pursuant to RCFC 26(a)(2), the dates by which each party shall disclose its expert witnesses' identities and reports (including rebuttal reports), and the dates by which each party shall make its expert witnesses available for deposition, giving consideration to whether serial or simultaneous disclosure is appropriate in the case;

vii. The date by which expert discovery will be completed;

viii. Whether the presumptive limits of ten depositions and 25 interrogatories per party should apply in this case and, if not, the reasons for varying these limits; and

ix. Any other matters pertinent to the completion of discovery in this case or that counsel deem appropriate for inclusion in the joint scheduling plan.

g. Paragraph 7. Provide three alternate dates (and time of day) that are mutually agreeable to counsel for a status conference with the court. These dates should be at least 14 days, but not more than 21 days, after the filing of the JPSR. After receiving the JPSR, Chief Judge Damich's law clerk will contact the parties to schedule the preliminary status conference, after which a corresponding order will issue.

h. Separate Allegations Permitted. Separate views and proposals on any of the points covered by the JPSR may be set forth on any point on which the parties cannot agree. Reasonable compromise, however, is strongly encouraged.

---

[6] The requirements for a claim construction hearing are set forth in Paragraph 12 of this order.

7. Appendix to Joint Preliminary Status Report.

a. The parties shall provide, as an appendix to the JPSR, copies of material portions of any documents not previously filed that are relevant to jurisdiction or to disputed facts alleged with particularity in the pleadings, e.g.:

i. The patents at issue, relevant contractual documents, correspondence between the parties, and damage computations;

ii. If the patents at issue are available electronically (through LEXIS, Westlaw, or the Internet), the Plaintiff shall provide a citation to the patent; and

iii. records of prior judicial or agency proceedings relative to the claims in this case.[7]

b. The parties shall include as exhibits relevant portions of statutes, regulations, and subregulatory guidance that may be at issue, in effect at the relevant time, if these are not frequently cited to in the United States Court of Federal Claims,[8] or are unpublished, outdated, or otherwise not readily available.

8. Discovery: Initial Disclosures.

a. Initial Disclosure of Asserted Claims. No later than 15 days after the answer to a complaint for patent infringement, the Plaintiff must serve on all parties an "Initial Disclosure of Asserted Claims" in conformity with Paragraph 8.b and must produce or make available for inspection and copying the documents described in Paragraph 8.d.

b. Content of Initial Disclosure of Asserted Claims. Separately, for each opposing party, the “Initial Disclosure of Asserted Claims," shall contain the following information:

i. Each claim of each patent in suit that is allegedly infringed by each opposing party;

ii. Separately for each allegedly infringed claim, each accused apparatus, product, device, process, method, act or other instrumentality ("accused instrumentality") of each opposing party of which the party is aware. This identification shall be as specific as possible. Each product, device and apparatus must be identified by name or model number, if known. Each method or process must be identified by name, if known, or by any product,

---

[7] The relevance of an exhibit should be clear from the statement of issues required by Paragraph 6.c. of this Order. That statement should provide page references to the relevant exhibits.

[8] See, e.g., United States Court of Federal Claims: A Deskbook for Practitioners App. I (1998).

device or apparatus which, when used, results in the practice of the claimed method or process;

iii. The date of conception and the date of reduction to practice of each asserted claim.

c. Document Production Accompanying Initial Disclosure of Asserted Claims. At the time of filing the "Initial Disclosure of Asserted Claims," the Plaintiff must produce to each opposing party or make available for inspection and copying all documents relating to:

i. Any action that could be interpreted as an offer to sell each claimed invention prior to the date of application for the patent; and

ii. Research, design, and development of each claimed invention.

d. Initial Disclosure of Prior Art. No later than 15 days after service upon it of an "Initial Disclosure Of Asserted Claims," each opposing party shall serve on all parties an "Initial Disclosure Of Prior Art" which conforms to Paragraph 8.e. and must produce or make available for inspection and copying the documents described in Paragraph 8.f.

e. Content of Initial Disclosure of Prior Art. The Initial Disclosure of Prior Art shall contain the following information:

i. Each item of prior art that the party contends anticipates the claim or renders it obvious;

ii. For each item of prior art, whether it anticipates the claim or renders it obvious, if a combination of prior art references renders a claim obvious, that combination must be identified; and

iii. The identification of prior art must be as specific as possible. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication shall be identified by its title, date of publication and, where feasible, its author and publisher. Evidence of public use or sale shall be presented by specifying the item offered for sale or publicly used, the date the offer or use took place, and the identity of the person or entity which made the use or made and received the offer.

f. Document Production Accompanying Initial Disclosure of Prior Art. At the time of filing the "Disclosure of Prior Art," each opposing party must produce or make available for inspection and copying any source code, specifications, schematics, flow charts, artwork, formulas, or other documentation on any accused instrumentality.

9. Discovery: Claim Chart.

a. Service and Content of Claim Chart. No later than 70 days after service upon it of an "Initial Disclosure Of Prior Art," under Paragraph 8.d., any party claiming patent infringement shall serve upon all parties a "Claim Chart." Separately, with respect to each opposing party against whom a claim of patent infringement is made, the Claim Chart must contain the following information:

i. Each claim of any patent in suit which the party alleges was infringed;

ii. The identity of each apparatus, product, device, process, method, act or other instrumentality of each opposing party which allegedly infringes each claim;

iii. Whether such infringement is claimed to be literal or under the doctrine of equivalents;

iv. Where each element of each infringed claim is found within each apparatus, product, device, process, method, act or other instrumentality; and

v. If a party claiming patent infringement wishes to preserve the right to rely on its own apparatus, product, device, process, method, act or other instrumentality as evidence of commercial success, the party must identify, separately for each claim, each such apparatus, product, device, process, method, act or other instrumentality that incorporates or reflects that particular claim.

b. Response Chart. No later than 60 days after service upon it of a "Claim Chart," each party opposing a claim of patent infringement shall serve on all parties a "Response Chart," which must contain the following information:

i. The identity of each item of prior art that anticipates the claim or renders it obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication must be identified by its title, date of publication, and, where feasible, author and publisher. Evidence of public use or sale shall be presented by specifying the item offered for sale or publicly used, the date the offer or use took place, the identity of the person or entity which made the use or made and received the offer;

ii. Whether it anticipates the claim or renders it obvious. If a combination of prior art references makes a claim obvious, that combination must be identified;

iii. Where, specifically, within each item of prior art each element of the claim is found; and

iv. All grounds of invalidity other than anticipation or obviousness of any of the claims listed in Claimant's Claim Chart. This identification must be as specific as possible. For example, if a best mode defense is raised, the

adverse party must set forth with particularity what constitutes the inventor's best mode, specifically citing information or materials obtained in discovery to the extent feasible. If an enablement defense is raised, the adverse party must set forth with particularity what is lacking in the specification to enable one skilled in the art to make or use the invention.

c. Amendment to Claim Chart. Amendment of a Claim Chart or a Response Chart may be made only on stipulation of all parties or by order of the court, which shall be entered only upon a showing of excusable subsequent discovery of new information or clearly excusable neglect.

10. Discovery in General.

a. Dispositive motions and discovery. The filing of a dispositive motion shall not suspend the conduct of discovery, unless the court so orders.

b. Methods of Discovery. The use of requests for admission, stipulations, and witness interviews (by telephone, if appropriate) in lieu of formal depositions is encouraged, as is the use of videotaped evidence and telephone conferencing.

c. Discovery Disputes.

i. Before petitioning the court to resolve a discovery dispute or to impose sanctions for discovery abuses, counsel must attempt to resolve the problem with opposing counsel. Failure to consult with opposing counsel before filing a motion may result in the imposition of costs.

ii. Discovery motions shall be accompanied by a certification that the moving party has made a reasonable and good faith effort to reach agreement with opposing counsel on the disputed matter.

d. Abuse of the Discovery Process. Counsel are warned not to abuse the discovery process. If either counsel makes excessive demands or provides insufficient responses, appropriate sanctions (including, but not limited to, more stringent controls over discovery, restrictions on the use of evidence, and imposition of attorneys' fees and costs) may be ordered. See RCFC 37(b).

e. Close of Discovery. Within 15 days after the close of discovery, the parties shall file a JSR containing, inter alia, a proposed schedule for further proceedings. A post-discovery conference, as mandated by Appendix A ¶ 11, will be scheduled shortly thereafter.

11. Claim Construction Proceedings.

a. Proposed Claim Construction Statement. No later than 70 days after service of the "Initial Disclosure of Prior Art," pursuant to Paragraph 8.d., each party claiming patent infringement must serve on all parties a "Proposed Claim Construction Statement," which shall contain the following information for each claim in issue, *see Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005):

i. Preferred interpretation of any claim term or phrase and identification of support for that interpretation in the claims themselves. The support may include the context in which a term is used, maintaining consistent usage among claims, and distinguishing between dependent and independent claims;

ii. All references from the specification that support, describe, or explain each element of the claim. Such references may include a definition of the claim term, or intentional disclaimer or disavowal of claim scope by the patentee;

iii. All material in the prosecution history that describes or explains each element of the claim;

iv. Any extrinsic evidence that supports the proposed construction of the claim, including, but not limited to, dictionaries, treatises, expert testimony, inventor testimony, and prior art, as permitted by law; and

v. When the party claiming patent infringement intends to offer expert testimony during a claim construction hearing, that party must disclose the expert as set forth in Paragraph 6.f.vi, supra, *no later than* when the party serves the "Proposed Claim Construction Statement." In addition, the court expects that any depositions will take place during the time allotted for the preparation of the "Response to Proposed Claim Construction Statement," described in subparagraph 11.b. below.

b. Response to Proposed Claim Construction Statement. No later than 60 days after service upon it of a Proposed Claim Construction Statement, each opposing party must serve on each party a "Response to Proposed Claim Construction Statement." The response shall contain the following information, *see Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005):

i. Any interpretation of a claim term or phrase, in addition to or contrary to that disclosed pursuant to Paragraph 11.a.i, and identification of support for that interpretation in the claims themselves. The support may include the context in which a term is used, maintaining consistent usage among claims, and distinguishing between dependent and independent claims;

ii. All references from the specification that support, describe, or explain each element of the claim in addition to or contrary to those disclosed pursuant to Paragraph 11.a.ii. Such references may include a definition of the claim term, or intentional disclaimer or disavowal of claim scope by the patentee;

iii. All material in the prosecution history that describes or explains each element of the claim in addition to or contrary to those disclosed pursuant to Paragraph 11.a.iii;

iv. Any extrinsic evidence that supports the proposed construction of the claim, including, but not limited to, dictionaries, treatises, expert testimony, inventor testimony, and prior art, as permitted by law; and

v. When the party opposing patent infringement intends to offer expert testimony during a claim construction hearing, that party must disclose the expert as set forth in Paragraph 6.f.vi, supra, *no later than* when the party serves the "Response to Proposed Claim Construction Statement." In addition, the court expects that any depositions will take place during the time allotted for the preparation of the "Joint Claim Construction Statement," described in Paragraph 12, below.

12. Claim Construction Hearing.

a. Meet and Confer. No later than 21 days after the "Response to Proposed Claim Construction Statement" has been served, all parties shall meet and confer for the purpose of preparing a "Joint Claim Construction Statement," pursuant to Paragraph 12.b.

b. Joint Claim Construction Statement. The Joint Claim Construction Statement shall be filed no later than 15 days after the parties meet and confer pursuant to Paragraph 12.a., and it shall contain the following information:

i. The construction of those claims and terms on which the parties agree;

ii. Each party's proposed construction of each disputed claim and term, supported by the same information that is required under Paragraph 11. The parties are reminded that claims are written in clauses or phrases. A construction of a term in isolation without regard to context is discouraged. As the Federal Circuit has explained, "the context in which a term is used in the asserted claim can be highly instructive." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1314 (Fed. Cir. 2005); *see also Hockerson-Halberstadt, Inc. v. Converse Inc.,* 183 F.3d 1369, 1374 (Fed. Cir. 1999) ("[p]roper claim construction . . . demands interpretation of the entire claim in context, not a single element in isolation."); *Brookhill-Wilk 1, LLC v. Intuitive Surgical, Inc.,* 334 F.3d 1294, 1299 (Fed. Cir. 2003) ("While certain terms may be at the center of the claim construction debate, the context of the surrounding words of the claim also must be considered . . . ."). Thus, a complete, and more persuasive, proposed construction will always consider the context in which a term appears in the disputed claim;

iii. The jointly agreeable dates for a claim construction hearing on all disputed issues of claim construction. The suggested dates shall take into consideration the briefing schedule pursuant to Paragraph 12.d and the calendar of Chief Judge Damich; and

iv. For any party who proposes to call one or more witnesses at the claim construction hearing, the identity of each such witness, the subject matter of each witness' testimony, and an estimate of the time required for the testimony.

c. Hearing. After the parties have filed their Joint Claim Construction Statement, the court will send a notice of the date and time of the Claim Construction Hearing. Unless the notice states otherwise, the parties shall be prepared to call at the hearing all the witnesses they identified under Paragraph 12.b.4.

d. Briefing Schedule. With respect to a Claim Construction Hearing, the parties shall comply with the following briefing schedule:

i. Not less than 35 days before the hearing, the party claiming patent infringement must serve and file its opening brief and supporting evidence;

ii. Not less than 21 days before the hearing, each opposing party must serve and file its responsive brief and supporting evidence; and

iii. Not less than 14 days before the hearing, the party claiming patent infringement must serve and file any reply brief and any evidence directly rebutting the supporting evidence contained in an opposing party's response.

______e. Format for Claim Construction Hearing. The court *prefers* to conduct the claim construction hearing using the following procedure:[9]

i. First, the court will hear brief presentations about background technology from both sides. A presentation by counsel is sometimes sufficient; in other cases, the presentation should be made by an expert witness, subject to cross-examination. The use of audio-visual and/or demonstrative exhibits is permitted. These exhibits must be disclosed to the opposing side with adequate time to prepare a response;

ii. Second, the court will hear argument based *exclusively* on intrinsic evidence. The court will proceed disputed term by disputed term; that is, the Plaintiff will argue its construction of term X, followed by the Defendant's argument on term X. Next, the Plaintiff will argue its construction of term Y, followed by the Defendant's argument on term Y; and

iii. Third, if necessary, the court will hear presentation of extrinsic evidence. The court will again proceed disputed term by disputed term. All witnesses are subject to cross-examination.

[9] The court emphasizes that this procedure is a preference. The court is willing to alter this procedure, provided that any request is made with sufficient notice to all parties and the court.

13. Trial Materials for Proceedings other than Claim Construction Proceedings. When the case approaches trial, the court will issue a separate order relating to trial preparation and the requirements of Appendix A.

14. Notice of Appeal. Parties should note that, pursuant to Federal Rules of Appellate Procedure 4(a)(1)(B), a notice of appeal must be filed with this court no later than 60 days after the date of entry of the order or judgment appealed. The entry date of an order, judgment, or any filing with the Clerk's Office is the date when it is electronically entered into the docket and may not correspond with the filing date.

s/ Edward J. Damich
EDWARD J. DAMICH
Chief Judge