IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THEODORE WHITNEY and<br>HIGH RESOLUTION OPTICS CORP.,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br><br><br>No. 06-601 C<br><br>Chief Judge Edward J. Damich |

**DEFENDANT'S UNOPPOSED MOTION FOR**
**RULE 14 NOTICE TO RAYTHEON COMPANY**

Pursuant to Rule 14 of the Rules of the Court of Federal Claims, Defendant, the United States ("the government"), respectfully requests that the Court issue a notice to the following third-party to appear, if it so desires, as a party to this lawsuit and to assert whatever interest it may have herein:

Raytheon Company
Attention: Karl Vick, Esq.
870 Winter Street
Waltham, Massachusetts 02451

STATEMENT IN SUPPORT OF MOTION

In this lawsuit, Plaintiffs are seeking compensation for the alleged unauthorized use or manufacture by or for the United States of thermal weapons sights. See Complaint ¶¶ 2, 6, 8. Such devices allegedly infringe two claims in Plaintiffs' United States Patent No. 5,386,319, entitled "High Resolution Imagery Systems and Methods," and issued January 31, 1995. Plaintiffs assert that the United States Army purchased such devices from the Raytheon Company ("Raytheon") pursuant to two different contracts. See Complaint ¶¶ 8-9.

Rule 14 of the Rules of the Court of Federal Claims ("RCFC") provides a means for a third-party, with an apparent interest in the outcome of the litigation, to enter the action if it so desires. Although notice affords the third-party an opportunity to defend its interests, it does not compel the third-party to appear. Rockwell Int'l Corp. v. United States, 31 Fed. Cl. 536, 539-40 (1994); see Carrier Corp. v. United States, 534 F.2d 244, 251-52 (Ct. Cl. 1976).

Raytheon has an apparent interest in the outcome of this litigation, and should be afforded an opportunity to enter the action as a third-party defendant if it so desires. Raytheon's interest in this litigation is twofold. First, Raytheon may be obligated to indemnify the government based upon an implied warranty of non-infringement under U.C.C. § 2-312 (3). Second, apart from the question whether Raytheon is a potential indemnitor, it may have commercially reproduced, or may desire to reproduce in the future, the accused devices. In addition, Raytheon may have sold, or offered to sell, accused devices to foreign customers pursuant to an export license. Thus, Raytheon may now have an interest in appearing as a third-party defendant in this action to establish its right to reproduce the accused devices free from claims of infringement.

The issuance of the requested notice conforms to the established practice of this Court. See Myrtle Beach Pipeline Co. v. United States, 6 Cl. Ct. 363, 365 (1984); Bowser, Inc. v. United States, 420 F.2d 1057, 1060 (Ct. Cl. 1970). By email on October 30, 2006, counsel for Plaintiffs advised counsel for the government that Plaintiffs do not oppose this motion.

CONCLUSION

For the above reasons, the government respectfully requests that the Court issue notice to Raytheon pursuant to RCFC Rule 14.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JOHN J. FARGO
Director

s/Scott Bolden

SCOTT BOLDEN
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC 20530
Telephone: (202) 307-0262
Facsimile: (202) 307-0345

October 31, 2006