**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| THEODORE WHITNEY and HIGH RESOLUTION OPTICS CORP., | ) | |
| Plaintiffs, | ) | No. 06-601 C |
| v. | ) | Chief Judge Edward J. Damich |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER**

Pursuant to Rules 8 and 12 of the Rules of the United States Court of Federal Claims, Defendant hereby answers the averments made in each of the numbered paragraphs of the Complaint filed on August 23, 2006. Upon current information and belief, all averments of the Complaint are denied except to the extent expressly admitted below.

**JURISDICTION AND VENUE**

1. With respect to paragraph 1 of the Complaint, Defendant admits that Plaintiffs' claim is one for compensation for the alleged use and manufacture of an invention described in and covered by a United States patent, pursuant to 28 U.S.C. § 1498. Defendant denies the remaining averments.

2. With respect to paragraph 2 of the Complaint, Defendant admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1498(a). Defendant denies the remaining averments.

**THE PARTIES**

3. With respect to paragraph 3 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and denies the same.

4. With respect to paragraph 4 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and denies the same.

5. With respect to paragraph 5 of the Complaint, Defendant admits that the United States government is the Defendant in this action based upon the actions and conduct of the United States Army and its contractors, to the extent that Defendant authorized and consented to the actions and conduct of its contractors. Defendant denies the remaining averments.

**COUNT I - PATENT INFRINGEMENT**

6. With respect to paragraph 6 of the Complaint, Defendant admits that, on January 31, 1995, the United States Patent and Trademark Office issued United States Patent No. 5,386,319 ("the '319 patent"), entitled "High Resolution Imagery Systems and Methods." Defendant admits that a true and correct copy is attached to Plaintiffs' Complaint as Exhibit A. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments and denies the same.

7. With respect to paragraph 7 of the Complaint, Defendant admits that the '319 patent lists Theodore Whitney as the inventor. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments and denies the same.

8. With respect to paragraph 8 of the Complaint, the allegation that the Defendant has infringed the '319 patent is a legal conclusion which requires no response. To the extent that a response is required, Defendant denies the allegation. Defendant admits that it has procured the

AN/PAS-13 Thermal Weapon Sight ("TWS") from the Raytheon Company ("Raytheon"). Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments and denies the same.

9. With respect to paragraph 9 of the Complaint, Defendant admits that Raytheon has made, manufactured, and sold the TWS for or to Defendant. Defendant also admits that Defendant's authorization and consent for the manufacture of the TWS has been provided through contract DAAB07-98-C-J815. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments and denies the same.

10. Paragraph 10 contains legal conclusions which require no response. However, to the extent that a response is required, Defendant denies the averments of paragraph 10 of the Complaint.

11. Paragraph 11 contains legal conclusions which require no response. However, to the extent that a response is required, Defendant denies the averments of paragraph 11 of the Complaint.

12. With respect to paragraph 12 of the Complaint, the allegation that Plaintiffs have exhausted administrative remedies is a legal conclusion which requires no response. To the extent that a response is required, Defendant denies the averment. Defendant admits the remaining averments in paragraph 12 of the Complaint.

13. With respect to paragraph 13 of the Complaint, the allegation that the Army denied Plaintiffs' administrative claim by failing to respond is a legal conclusion which requires no response. To the extent that a response is required, Defendant denies the allegation. Defendant admits that the Army informed Plaintiffs that the administrative claim had been docketed and assigned for investigation in a letter dated March 20, 2006. Defendant further admits that a true and correct copy of the Letter is attached to the Complaint at Exhibit B. Defendant is without

knowledge or information sufficient to form a belief as to the remaining averments and denies the same.

14. Defendant denies the averments of paragraph 14 of the Complaint.

15. Defendant denies the averments of paragraph 15 of the Complaint.

**PRAYER**

a.-f. Paragraphs (a) through (f) of the Complaint state Plaintiffs' prayer for relief to which no response is required. However, to the extent that paragraphs (a) through (f) are deemed to contain averments, Defendant denies each such averment. Defendant further denies that Plaintiffs are entitled to any of the relief requested in paragraphs (a) through (f).

**DEFENSES**

Upon current information and belief, Defendant further answers concerning its defenses:

1. Defendant has not infringed any one of the asserted, valid claims of the '319 patent.

2. The asserted claims of the '319 patent are invalid for failure to comply with 35 U.S.C. §§ 102, 103, 112, and perhaps for additional reasons which, when ascertained, Defendant requests leave to add to this Answer or otherwise give notice to Plaintiffs.

3. Plaintiffs are not entitled to any compensation pursuant to 28 U.S.C. § 1498(a). However, should Plaintiffs be awarded compensation, such compensation may include delay compensation but shall not include pre-judgment or post-judgment interest or costs provided by 35 U.S.C. § 284 and 28 U.S.C. § 1961.

4. To the extent that Plaintiffs are seeking recovery for any of Defendant's alleged unauthorized use occurring more than six years before the filing of the Complaint, Plaintiffs are

precluded from any such recovery, as set forth in 35 U.S.C. § 286 and/or 28 U.S.C. §§ 2401 and 2501.

5. Plaintiffs' claim for compensation is barred by equitable considerations, such as laches and estoppel.

6. Defendant asserts any and all defenses which are presently unknown to it, but which, when ascertained, Defendant requests leave to add to this Answer.

WHEREFORE, Defendant respectfully requests the following relief:

A. That the Court dismiss the Complaint with prejudice, and that the Court deny each prayer for relief sought by Plaintiffs;

B. That the Court adjudge each asserted claim of the '319 patent invalid for failure to comply with the requirements set forth in 35 U.S.C. §§ 102, 103, and 112;

C. That the Court adjust each asserted claim of the '319 patent not infringed by or for Defendant;

D. That the Court adjudge that Plaintiffs are not entitled to any compensation pursuant to 28 U.S.C. § 1498(a);

E. That Defendant recover from Plaintiffs all of its expenses, including costs and attorney fees; and

F. That Defendant have such further relief as the Court deems proper and just.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JOHN J. FARGO
Director

s/Scott Bolden

SCOTT BOLDEN
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC 20530
Telephone: (202) 307-0262
Facsimile: (202) 307-0345

OF COUNSEL:
KIRBY W. LEE
Attorney

December 20, 2006