IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THEODORE WHITNEY and<br>HIGH RESOLUTION OPTICS CORP.,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br><br><br>No. 06-601 C<br><br>Chief Judge Edward J. Damich |

**RAYTHEON COMPANY'S ANSWER TO THE COMPLAINT**

Pursuant to the Court's order of February 16, 2007, Defendant-Intervenor Raytheon Company ("Raytheon") files this Answer under Rule 14(c) of the Rules of the United States Court of Federal Claims ("RCFC") in response to the Court's Notice of November 7, 2006. Pursuant to RCFC 8 and RCFC 12, Raytheon hereby answers Plaintiffs' allegations made in each numbered paragraph of the Complaint filed on August 23, 2006. Upon current information and belief, all allegations of the Complaint are denied except to the extent they are expressly admitted below.

**JURISDICTION AND VENUE**

1. Raytheon admits that Plaintiffs' have characterized their claim as one for compensation under 28 U.S.C. § 1498 for the alleged use and manufacture by the United States of an invention described in and covered by a patent of the United States. Raytheon denies the remaining allegations of Paragraph 1 of the Complaint.

2. Raytheon admits that the Court has subject-matter jurisdiction over this action pursuant 28 U.S.C. § 1498(a). Raytheon denies the remaining allegation of Paragraph 2 of the Complaint.

## THE PARTIES

3. Raytheon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint, and therefore denies them.

4. Raytheon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint, and therefore denies them.

5. The allegations in Paragraph 5 of the Complaint are directed at a party other than Raytheon, and Raytheon lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint, and therefore denies them.

## COUNT I - PATENT INFRINGEMENT

6. Raytheon admits that U.S. Patent No. 5,386,319 ("the '319 patent"), entitled "High Resolution Imagery Systems and Methods," issued on January 31, 1995, and that a copy of the '319 patent as issued, including a Certificate of Correction, is attached to the Complaint as Exhibit A. Raytheon denies the remaining allegations of Paragraph 6 of the Complaint.

7. Raytheon admits that the face of the '319 Patent lists Theodore Whitney as the inventor. Raytheon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 7 of the Complaint, and therefore denies them.

8. The allegation that Defendant has infringed claims of the '319 patent is a legal conclusion that requires no response. To the extent that a response is required, Raytheon admits that Defendant has procured AN/PAS-13 Thermal Weapons Sights ("TWS") from Raytheon, and denies the remaining allegations to the extent that they are directed to Raytheon. To the extent the remaining allegations of Paragraph 8 of the Complaint are directed to entities

other than Raytheon, Raytheon lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint, and therefore denies them.

9. Raytheon admits that it has manufactured the TWS for and sold the TWS to Defendant pursuant to Contract No. DAAB07-98-C-J815 with Defendant's authorization and consent. Raytheon denies that it has manufactured or sold the TWS under Contract No. DAAE07-02-C-M001. Raytheon lacks sufficient information to form a belief as to the truth of the remaining allegations set forth in Paragraph 9 of the Complaint, and therefore denies them.

10. Paragraph 10 of the Complaint contains legal assertions that require no response. To the extent that a response is required and to the extent the allegations of Paragraph 10 of the Complaint are directed to Raytheon, Raytheon denies those allegations of Paragraph 10 of the Complaint. Raytheon denies that Defendant is infringing the '319 patent by procuring devices from Raytheon or other contractors. To the extent that the allegations of Paragraph 10 of the Complaint are directed to activities of entities other than Raytheon, Raytheon lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint, and therefore denies them.

11. Paragraph 11 of the Complaint contains legal assertions that require no response. To the extent that a response is required, Raytheon denies that Defendant is required to pay to Plaintiffs 'reasonable and entire compensation' for the procurement of the invention described in and covered by the '319 Patent. Raytheon lacks sufficient information to form a belief as to the truth of the remaining allegations set forth in Paragraph 11 of the Complaint, and therefore denies them.

12. Paragraph 12 of the Complaint contains legal assertions that require no response. To the extent that a response is required, the allegations in Paragraph 12 of the

Complaint are directed at a party other than Raytheon, and Raytheon lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint, and therefore denies them.

13. The allegations in Paragraph 13 of the Complaint are directed at a party other than Raytheon, and Raytheon lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint, and therefore denies them.

14. Paragraph 14 of the Complaint contains legal assertions that require no response. To the extent that a response is required, Raytheon denies all of the allegations in Paragraph 14 of the Complaint to the extent they are directed to Raytheon. To the extent that the allegations in Paragraph 14 of the Complaint are directed to the activities of entities other than Raytheon, Raytheon lacks information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

15. Paragraph 15 of the Complaint contains legal assertions that require no response. To the extent that a response is required, the allegations in Paragraph 15 of the Complaint are directed at a party other than Raytheon, and Raytheon lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint, and therefore denies them.

**PRAYER**

a-f. Paragraphs (a) through (f) of Complaint state Plaintiffs prayer for relief to which no response is required. Moreover, Raytheon denies that Plaintiffs are entitled to the relief requested in paragraphs (a) through (f).

## DEFENSES

Raytheon asserts the following defenses to the Complaint:

1. Defendant has not infringed, either literally or under the doctrine of equivalents, any valid claim of the '319 patent.

2. The asserted claims of the '319 patent are invalid because they fail to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including, *inter alia*, §§ 101, 102, 103, and/or 112.

3. Plaintiff is barred from recovering damages for any alleged infringement occurring more than six years before filing this lawsuit.

4. Plaintiff is barred by the doctrines of laches and/or estoppel from recovering damages for the alleged infringement.

5. Raytheon asserts any and all defenses which are presently unknown to it, but which, when discovered, Raytheon requests leave to supplement this Answer.

WHEREFORE, Raytheon requests the following relief:

A. That the Court dismiss the Complaint with prejudice, and deny each prayer for relief sought by Plaintiffs.

B. That the Court adjudge each asserted claim of the '319 patent invalid for failure to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code.

C. That the Court adjudge each asserted claim of the '319 patent as unenforceable.

D. That the Court adjudge each asserted claim of the '319 Patent not infringed by or for Defendant.

E. That Raytheon have such further relief as the Court deems proper and just.

Respectfully submitted,

s/William S. Foster, Jr.

William S. Foster, Jr.
BAKER BOTTS L.L.P.
The Warner
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2400
Tel.: (202) 639-1321
Fax: (202) 639-1185

Kevin J. Meek
Douglas M. Kubehl (*Admission to USCFC Pending*)
BAKER BOTTS L.L.P.
2001 Ross Avenue
Dallas, Texas 75201-2980
Tel.: (214) 953-6680
Fax: (214) 661-4680

Counsel for Raytheon Company

February 20, 2007