IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THEODORE WHITNEY and HIGH RESOLUTION OPTICS CORP., | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 06-601 C |
| THE UNITED STATES, | ) | Chief Judge Edward J. Damich |
| Defendant, | ) | |
| and | ) | |
| RAYTHEON COMPANY, | ) | |
| Third-Party Defendant. | ) | |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Appendix A of the Rules of the United States Court of Federal Claims ("RCFC") and Paragraph 6 of this Court's Special Procedures Order For Cases Under 28 U.S.C. § 1498(a) ("SPO"), filed October 5, 2006, Plaintiffs, Theodore Whitney ("Whitney") and High Resolution Optics Corp. ("HROC"); Defendant, the United States ("the government"); and Third-Party Defendant, Raytheon Company ("Raytheon"), hereby submit this Joint Preliminary Status Report. The government and Raytheon are jointly referred to as "Defendants."

An early meeting of counsel was held on April 10, 2007, and the parties discussed the below-listed topics and arrived at the following positions:

I. RCFC APPENDIX A ¶ 4 DISCLOSURES WITH SUPPLEMENTS

*(a) Does the court have jurisdiction over the action? Provide the jurisdictional statute(s) upon which plaintiff relies, and plaintiff's detailed justification for invoking the CFC's limited statutory jurisdiction.*

Yes, the parties agree that this Court has jurisdiction pursuant to 28 U.S.C. § 1498(a). Plaintiffs state that the United States Court of Federal Claims has jurisdiction over this matter pursuant to 28 U.S.C. § 1498(a), because their Complaint alleges that United States Patent No. 5,386,319 ("the '319 patent") has been infringed by or for the government. Defendants agree that Section 1498(a) provides jurisdiction in this Court for claims for compensation alleging the unauthorized use of a patent by or for the United States.

*(b) Should the case be consolidated with any other case and, if so, why?*

No. None of the parties knows of any other case that should be consolidated with the present case.

*(c) Should trial of liability and damages be bifurcated and, if so, why?*

Defendants propose that the liability and damages phases of this lawsuit should be bifurcated. An independent consideration of liability will provide a substantial savings in time for both the Court and the parties, and will allow the issue of liability to be determined sooner than it would if the liability and damages issues were combined for trial.

Plaintiffs propose that there be no bifurcation of liability and damages. Plaintiffs do not believe that an independent consideration of damages will provide or promote efficiency in the resolution of this case. To the contrary, Plaintiffs submit that a separate trial on damages will result

in duplicative scheduling, proceedings, and trials. The determination of damages in this case, based on a reasonable royalty, can be more efficiently addressed in the context of and at the same time as liability.

(d) *Should further proceedings in this case be deferred pending consideration of another case before this court or any other tribunal and, if so,why? State whether there is any basis for transferring or remanding the case to another tribunal, and whether the parties are aware of any related cases in this or any other tribunal.*

No. At this time, there are no other cases or proceedings pending that would provide a basis for deferring, transferring, or remanding this case to another tribunal.

(e) *In cases other than tax refund actions, will a remand or suspension be sought and, if so, why and for how long?*

No. There is no basis upon which a remand could be requested. At present the parties do not foresee any reason for seeking a remand or suspension of this matter.

(f) *Will additional parties be joined? If so, the parties shall provide a statement describing such parties, their relationship to the case, the efforts to effect joinder, and the schedule proposed to effect joinder.*

No.

(g) *Does either party intend to file a motion pursuant to RCFC 12(b), 12(c) or 56 and, if so, what is the schedule for the intended filing?*

None of the parties contemplates the filing of a motion pursuant to RCFC 12(b) or 12(c). The parties are still considering whether a motion pursuant to RCFC 56 is appropriate. As discovery progresses, each party will continue to determine whether there are any issues for which no genuine

issue of material fact exists, and which are therefore amenable to a motion for summary judgment. Should such an issue emerge, the parties will promptly notify the court.

(h) *What are the relevant factual and legal issues? Describe the material issues of fact and law that are in dispute, as well as those that are not.*

The parties believe that the relevant issues include:

1. Are the asserted claims of the '319 patent invalid?

**Defendants' position:** Defendants contend that the asserted claims of the '319 patent are invalid, as set forth in their respective Initial Disclosures of Prior Art, served on March 16, 2007. Defendants' search for invalidating prior art is continuing, and Defendants expressly reserve their right to raise other bases of invalidity as they are discovered.

**Plaintiffs' position:** Plaintiffs contend that the asserted claims of the patent are valid. On January 31, 1995, United States Patent No. 5,386,319 ("the '319 patent") was duly and legally issued for "High Resolution Imagery Systems and Methods." Plaintiff Whitney is the owner of the '319 patent, and Plaintiff HROC is a licensee of the '319 patent with the right to prosecute this action against Defendant.

2. Do the accused devices infringe the '319 patent?

**Plaintiffs' position:** Plaintiffs contend that defendant United States government has infringed the '319 patent. The '319 patent is generally directed to high resolution imagery systems and methods. More specifically, it teaches how to manufacture and/or arrange systems of lenses to provide a higher resolution image to a user while incorporating fewer optical devices as part of the overall lens system. This patented lens system provides many advantages, such as more precise

imaging and lighter overall weight, which are significant for devices such as the weapons sights at issue in this lawsuit.

Defendant has devices manufactured by others and uses such devices that infringe at least claims 33, 34, 37 and 42 of the '319 patent. Specifically, and upon information and belief, one such device is the AN/PAS-13 Thermal Weapons Sight ("TWS") procured from the Raytheon Company ("Raytheon"). Defendant is procuring, and has procured, various allotments of these devices without (a) a license from Plaintiffs, or (b) any other lawful right under the '319 patent. Plaintiff will provide formal infringement contentions concerning these claims in accordance with the scheduling order entered in this action.

**Defendants' position:** Defendants respond that the TWS does not infringe any one of the asserted claims of the '319 patent. Defendants' investigation of noninfringement is continuing, and Defendants expressly reserve their right to raise other bases of noninfringement as they are discovered. Defendants will respond to Plaintiffs infringement contentions in accordance with the procedure in the SPO.

<u>3.</u> <u>If Plaintiffs are entitled to compensation, what quantum of reasonable and entire compensation is appropriate?</u>

**Plaintiffs' position:** Defendant is liable to Plaintiff in an amount that adequately compensates Plaintiff for damages caused by Defendant's infringement, which, by law, cannot be less than a reasonable royalty. A reasonable royalty determination may be based on an established royalty, if one exists, or on a hypothetical royalty based on a supposed arm's length negotiation taking place at the time the infringement began between a willing licensor and a willing licensee who had knowledge that the patent would be sustained as valid and infringed, if litigated. Plaintiff

is further entitled to reasonable interest for Defendant's delay in paying the required damages. The reasonable royalty rate and royalty based will be developed through discovery.

**Defendants' position:** Defendants respond that Plaintiffs reasonable and entire compensation is governed by Section 1498(a) and the corresponding case law. See, e.g., Decca v. United States, 640 F.2d 1156, 1167 (Ct. Cl. 1980).

*(i) What is the likelihood of settlement? Is alternative dispute resolution contemplated? The parties shall state whether any method of ADR, including those described in the SPO, is viable. If none, they shall explain why, with particularity.*

The parties submit that it is too early to determine a likelihood of settlement. The parties intend to further explore the possibility of settlement once they have a better assessment of the facts.

The parties will also continue to consider Alternative Dispute Resolution (ADR) techniques as the case progresses. ADR techniques are most useful when an impasse over a specific factual issue poses an obstacle to settlement. Here, this case presents the normal range of issues encountered in patent cases, rather than a single, defined issue. Moreover, many issues are legal, for which ADR techniques are not well-suited. Thus, the parties do not envision that ADR techniques will be useful in this case in fostering a settlement between the parties. Nevertheless, the parties expect to revisit the question of whether ADR techniques would prove useful as this case progresses. For example, to the extent that a bifurcated trial is considered an ADR technique, Defendants believe that the liability and damages phases of this lawsuit should be bifurcated. See SPO ¶ 6(d)(ii)(1).

Plaintiffs believe that it is too early to know whether ADR techniques could be beneficial.

*(j) Do the parties anticipate proceeding to trial? Does any party, or do the parties jointly, request expedited trial scheduling and, if so, why?*

See Joint Proposed Scheduling Plan.

*(k) Are there special issues regarding electronic case management needs?*

No.

*(l) Is there other information of which the court should be aware at this time? Provide a joint representation, citing the date of the meeting, that counsel have held the early meeting of counsel as required in Appendix A ¶ 3. In addition, jointly stipulate to the date of the initial disclosures set forth in RCFC 26(a)(1) or state the grounds for any party's objections that such disclosures are not yet appropriate.*

The parties are not aware of any additional information to bring to the court's attention at this time. Counsel for the parties jointly represent that they held the early meeting of counsel as required in Appendix A ¶ 3 on April 10, 2007. In addition, counsel for the parties jointly stipulate that the RCFC 26(a)(1) initial disclosures will be served on April 27, 2007.

## II. JOINT PROPOSED SCHEDULING PLAN

*(i) The requested place of any trial (and of hearings in general); the anticipated duration of trial; and the earliest date by which the case can reasonably be expected to be ready for trial.*

The parties request trial be held in Washington, D.C. The parties, at present, expect that a trial will require approximately 5-6 days of trial time.

Plaintiffs request that the trial be held at the earliest reasonable date. Plaintiffs contend that the parties could reasonably be ready for trial by the early spring of 2008.

Defendants believe that the earliest reasonable date that the parties expect to be ready for trial is October 2008.

*(ii) The dates for joinder of additional parties.*

Neither party anticipates joining any additional parties.

*(iii) Whether either of the parties anticipates filing any dispositive motions.*

The parties are still considering whether a motion pursuant to RCFC 56 is appropriate. As discovery progresses, each party will continue to determine whether there are any issues for which no genuine issue of material fact exists, and which are therefore amenable to a motion for summary judgment. Should such an issue emerge, the parties will promptly notify the court.

Defendants propose that any motions for summary judgment related to liability be filed no later than 30 days after the conclusion of expert discovery.

Plaintiffs propose that all motions for summary judgment be filed no later than 30 days after the conclusion of expert discovery.

*(iv) Whether the case should be conducted in phases.*

Defendants propose that the damages phase should be bifurcated from the liability phase, with the liability phase proceeding first. Following this Court's decision on the claim construction of the asserted claims, Defendants would be in a position to submit a dispositive Rule 56 summary judgment of noninfringement, invalidity, and/or enforceability, or, in the alternative, proceed to trial of the liability issues. If trial is to be held on the liability issues, Defendants believe that a short

amount of discovery would be needed to finalize the discovery of the facts surrounding the infringement issues and any expert discovery. If there is no bifurcation of liability and damages, as Plaintiffs propose, each of Defendants' proposed trial and discovery deadlines may increase significantly.

Plaintiffs propose that there be no bifurcation of liability and damages. Plaintiffs do not believe that an independent consideration of damages will provide or promote efficiency in the resolution of this case. To the contrary, Plaintiffs submit that a separate trial on damages will result in duplicative scheduling, proceedings, and trials. The determination of damages in this case, based on a reasonable royalty, can be more efficiently addressed in the context of and at the same time as liability.

*(v) A date by which fact discovery will be completed. [. . .] In addition advise whether the case will likely involve the discovery of classified material.*

At this time, the parties do not anticipate that this case will likely involve the discovery of classified material.

Defendants propose that fact discovery related to the liability phase of the case should be completed within 60 days after the issuance of this Court's claim construction decision.

Plaintiffs propose that all fact discovery should be completed within 60 days after the issuance of this Court's claim construction decision.

*(vi) Pursuant to RCFC 26(a)(2), the dates by which each party shall disclose its expert witnesses' identities and reports (including rebuttal reports), and the dates by which each party shall make its expert witnesses available for deposition, giving consideration to whether serial or simultaneous disclosure is appropriate in the case.*

Defendants propose that each party shall identify its expert witness(es) related to the liability phase of the case no later than 21 days after the Court's decision on the *Markman* claim construction. Each party should submit its expert reports addressing any liability issues for which the party bears the burden of proof no later than 21 days after the conclusion of fact discovery. Any rebuttal expert reports should be submitted no later than 14 days after the initial expert reports. Each party will make its experts available for deposition during the time period between serving the rebuttal reports and the conclusion of expert discovery.

Plaintiffs propose the same expert witness deadlines as Defendants, but contend that the deadlines should apply to all expert witnesses, rather than expert witnesses related to the liability phase of the case.

*(vii) The date by which expert discovery will be completed.*

Defendants propose that expert discovery related to the liability phase of the case should be completed within 60 days of the conclusion of fact discovery.

Plaintiffs propose that all expert discovery should be completed within 60 days of the conclusion of fact discovery.

*(viii) Whether the presumptive limits of ten depositions and 25 interrogatories per party should apply in this case and, if not, the reasons for varying these limits.*

The parties propose that the presumptive limits should not apply in this case. With respect to the interrogatory limits, the parties propose that each side (Plaintiffs being one "side" and Defendants being the other "side") may serve up to 30 interrogatories. This proposal would provide

a substantial savings in time for the parties, given the aligned interests between the two Plaintiffs and the two Defendants. This proposal would limit the maximum number of interrogatories in the case to 60; as opposed to the presumptive maximum of 100 interrogatories.

Defendants propose that each side (Plaintiffs being one "side" and Defendants being the other "side") may take up to 30 hours of party depositions from the other side; and may take up to 30 hours of non-party depositions. This will result in a reduction in the number of total hours of deposition contemplated by the presumptive limits and in equality of treatment among the parties.

Plaintiffs propose that there be a total of 60 hours of depositions per side, and that these 60 hours not be limited as between parties and non-parties.

*(ix) Any other matters pertinent to the completion of discovery in this case or that counsel deem appropriate for inclusion in the joint scheduling plan.*

Pursuant to the SPO, the parties anticipate that the following documents will be due to be served and/or filed on the following dates:

| Document | Date |
|---|---|
| Plaintiffs' Claim Chart | May 25, 2007 |
| Plaintiffs' Proposed Claim Construction Statement | May 25, 2007 |
| Defendants' Response Chart | July 24, 2007 |
| Defendants' Response to Proposed Claim Construction | July 24, 2007 |
| Meet and Confer for Joint Claim Construction Statement | August 14, 2007 |
| Joint Claim Construction Statement | August 29, 2007 |

These deadlines are based upon currently-available information and are only tentative.

The parties are not aware of any additional information to bring to the Court's attention at this time.

## III. OTHER MATTERS

*Provide three alternate dates (and time of day) that are mutually agreeable to counsel for a status conference with the court. These dates should be at least 14 days, but not more than 21 days, after the filing of the JPSR.*

The parties have selected May 1, 2, and 4, 2007, as the three alternate dates for a status conference. The preferred time is 3:00 PM Eastern Standard Time.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JOHN J. FARGO
Director

s/Scott Bolden
SCOTT BOLDEN
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC 20530
Telephone: (202) 307-0262
Facsimile: (202) 307-0345

Counsel for the United States

OF COUNSEL:
KIRBY W. LEE
Attorney

Dated: April 13, 2007

Respectfully submitted,

Dated: April 13, 2007

David C. Tobin, P.C.
TOBIN, O'CONNOR, EWING & RICHARD
5335 Wisconsin Avenue, NW, Suite 700
Washington, DC 20015
(202) 362-5900
(202) 362-6579 (fax)

Of counsel:
Jonathan T. Suder
Edward E. Casto, Jr.
FRIEDMAN SUDER & COOKE
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, Texas 76102
(817) 334-0400
(817) 334-0401 (fax)

Counsel for Plaintiffs

Respectfully submitted,

Dated: April 13, 2007

William S. Foster, Jr.
BAKER BOTTS L.L.P.
The Warner
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2400
Tel.: (202) 639-1321
Fax: (202) 639-1185

Kevin J. Meek
Douglas M. Kubehl (Admission to USCFC Pending)
BAKER BOTTS L.L.P.
2001 Ross Avenue
Dallas, Texas 75201-2980
Tel.: (214) 953-6680
Fax: (214) 661-4680

Counsel for Raytheon Company