**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **THEODORE WHITNEY and** | ) | |
| | ) | |
| **HIGH RESOLUTION OPTICS CORPORATION,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 06-601 C** |
| | ) | **Chief Judge Edward J. Damich** |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **RAYTHEON COMPANY,** | ) | |
| | ) | |
| **Third-Party Defendant.** | ) | |

**STIPULATION AND PROTECTIVE ORDER**

This Court has considered the joint motion regarding the entry of an order pursuant to Rule 26(c) of the Rules of the United States Court of Federal Claims ("RCFC"). Plaintiffs, Theodore Whitney ("Whitney") and High Resolution Optics Corporation ("HROC"), Defendant, the United States ("the government"), and third-party Defendant Raytheon Company ("Raytheon"), collectively, "the Parties," have agreed and stipulated to the entry of this Protective Order pursuant to RCFC 26(c) for protecting Protected and Attorneys' Eyes Only Information as defined below. The agreement and stipulation are evidenced by the signatures of the attorneys of record.

This Protective Order does not specify the procedures under which access to classified information is to be provided and shall not be construed as requiring the

production of any information that is classified. Access to such classified information shall be governed by existing laws and regulations pertaining to national security. Access to information originating in Canada may also be subject to the applicable requirements of the export control laws of Canada.

IT IS HEREBY ORDERED that the following provisions shall govern the conduct of further proceedings in this action:

1. In this action, at least one of the Parties has sought and/or is seeking Protected Information (as defined in Paragraph 5 below) or Attorneys' Eyes Only Information (as defined in Paragraph 6 below). The Parties also anticipate seeking additional Protected and Attorneys' Eyes Only Information during discovery, both from other Parties and from third parties not presently named in this Action, and that there will be questioning concerning Protected and Attorneys' Eyes Only Information in the course of depositions. The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests. The Parties have entered into this Stipulation and request the Court enter this Protective Order for the purpose of preventing the disclosure and use of Protected and Attorneys' Eyes Only Information except as set forth herein.

2. The Parties anticipate that the Parties may need to request the disclosure of Protected and Attorneys' Eyes Only Information belonging to or possessed by third parties. The Parties agree that any Protected Information and Attorneys' Eyes Only Information belonging to or possessed by third parties, including without limitation any Raytheon affiliates, will be treated by all Parties in the same manner as Protected Information and Attorneys' Eyes Only Information, respectively, that is disclosed by the

Parties, as long as any such third-party information is marked as required by Paragraphs 8 and 9 below.

3. The term "DoD Information" shall mean information, in whatever form, that is unclassified technical data with military or space application in the possession of, or under the control of, a Department of Defense (DoD) Component, and so designated, and which may not be disclosed pursuant to 10 U.S.C. § 130 and/or DoD Directive No. 5230.25, dated November 6, 1984, entitled "Withholding of Unclassified Technical Data From Public Disclosure." The term "DoD Information" includes, but is not limited to, information as described above relating to equipment catalogued in the Military Critical Technologies List, or information categorized as "FOR OFFICIAL USE ONLY (FOUO)," or information that may not be exported lawfully without approval, or authorization or license. See 22 U.S.C. §§ 2751-2799; 50 U.S.C. App. §§ 2401-2420.

4. "Proprietary Information" means any information, objects, or materials including documents, files, portions of files, transcribed or live testimony, responses to discovery requests, and any extracts, abstracts, charts, summaries, notes, or copies made therefrom - not made available to the public - and designated by one of the Parties in the manner provided in Paragraph 8 below as containing Protected Information including but not limited to trade secrets, sensitive commercial and financial information, and personnel records. "Proprietary Information" also includes software when marked as required in Paragraph 8 below.

5. The term "Protected Information" shall mean DoD Information or Proprietary Information, or any combination thereof.

6. “Attorneys’ Eyes Only” means any information, objects, or materials including documents, files, portions of files, transcribed or live testimony, responses to discovery requests, and any extracts, abstracts, charts, summaries, notes, or copies made therefrom - not made available to the public - and designated by one of the Parties in the manner provided in Paragraph 9 below as containing “Attorneys’ Eyes Only” Information. The Attorneys’ Eyes Only designation is reserved for information that has not been publicly disclosed and that constitutes financial or technical data or commercially-sensitive competitive information the disclosure of which is likely to cause harm to the competitive position of the producing party including, without limitation, confidential information relating to future products not yet commercially released, strategic plans, and settlement agreements or settlement communications. The Attorneys’ Eyes Only designation may be applied to software when marked as required by Paragraph 9 below.

7. Subject to the challenge provisions in Paragraph 22, this Order shall not apply to any information set forth in Paragraphs 5 or 6 above that:

a. is already lawfully in a party’s possession;

b. is or becomes generally available to the public (other than as a result of a disclosure in violation of this Order);

c. becomes available to a party other than through discovery in this case; or

d. is not designated as “Protected” as provided in Paragraph 8 or as “Attorneys’ Eyes Only” as provided in Paragraph 9 of this Order.

The applicability of any of the exceptions set forth above in relation to this Order shall not negate any other restrictions or obligations which may apply to such information independently of this Order.

8. Where Protected Information is produced, provided or otherwise disclosed by a Party in response to any discovery request or for any other reason in this case, it will be designated in the following manner:

a. By imprinting the phrase "Protected Information" or the phrase "Confidential" on the first page or cover of any document produced;

b. By imprinting the phrase "Protected Information" or the phrase "Confidential" next to or above any response to a discovery request;

c. With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Protected" or "Confidential" no later than ten (10) calendar days after receipt of the transcribed testimony; and

d. With respect to information that has not been reduced to documentary, tangible, or physical form or that cannot be conveniently designated as set forth in subparagraphs (a)-(c), by informing opposing counsel of the designation in writing.

9. Where "Attorneys Eyes Only" Information is produced, provided or otherwise disclosed by a Party in response to any discovery request or for any other reason in this case, it will be designated in the following manner:

a. By imprinting the words "Attorneys' Eyes Only" on the first page or cover of any document produced;

b. By imprinting the words "Attorneys' Eyes Only" next to or above any response to a discovery request;

c. With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Attorneys' Eyes Only" no later than ten (10) calendar days after receipt of the transcribed testimony; and

d. With respect to information that has not been reduced to documentary, tangible, or physical form or that cannot be conveniently designated as set forth in subparagraphs (a)-(c), by informing opposing counsel of the designation in writing.

10. In addition to the markings required, as set forth above, for Protected and Attorneys' Eyes Only Information, a Party may add further designations such as "FOUO," "For Official Use Only," "Proprietary," "Limited Rights," "Restricted Rights," or words of like import, including export control markings and copyright markings. As between Raytheon and the government, it is understood that documents are being produced and information (including software) is being produced in this case solely for use in determining the issues being litigated in this case. Accordingly, this Order shall not affect any rights or obligations which the government may otherwise have pursuant to contracts between Raytheon or its affiliates and the government and to the applicable procurement regulations, notwithstanding any restrictive markings to the contrary.

11. The Parties recognize that maintaining the confidentiality of and limiting access to computer source code is a particularly significant concern. At present, the Parties do not anticipate that disclosure of computer source code will be necessary in this case. In the event that one or more Parties requests disclosure of source code sufficiently in advance of the Court's fact discovery cut-off in this case and makes a showing of good cause, the Parties agree to work together to determine a process that is acceptable to all Parties and that adequately protects the computer source code to be produced.

12. When a Party provides another Party access to documents or things for purposes of inspecting the documents or things prior to their production, no marking need be made in advance of the inspection. For the purposes of the inspection, all documents shall be treated as containing Attorneys' Eyes Only Information. After the inspecting Party has selected specified documents for production, the producing Party shall appropriately mark the selected documents or the selected things before they are copied, further inspected, or otherwise produced.

13. Failure to designate information as Protected or Attorneys' Eyes Only shall not constitute acknowledgment that that information is not, in fact, entitled to such protection. Failure to object to the designation of certain information as Protected or Attorneys' Eyes Only shall not constitute an acknowledgment that such material constitutes a trade secret.

14. Inadvertent or unintentional production or inspection of materials (including documents and physical objects) shall not constitute a waiver of the attorney-client privilege or work product immunity or any other applicable privilege with respect to the materials if, as soon as reasonably possible after the producing party becomes

aware of any inadvertent or unintentional disclosure, the producing party designates any such documents as within the attorney-client privilege or work product immunity or any other applicable privilege and requests return of such documents to the producing party. Upon request by the producing party, the receiving party immediately shall return all inadvertently produced document(s) and any copies of such documents. Nothing herein shall prevent the receiving party from challenging the propriety of the relevant privilege designation by submitting a written challenge to the Court in accordance with Paragraph 22.

15. Subject to Paragraph 10 above, all Protected Information provided by a Party shall be subject to the following restrictions:

a. It shall be used only for the purpose of this litigation (including any appeals) and not for any business, commercial or other purpose whatsoever, and shall not be given, shown, made available, disclosed or communicated, directly or indirectly, in any way to anyone except those individuals specified in subparagraph (b) below to whom it is necessary that such Protected Information be disclosed.

b. Protected Information may be disclosed, for the exclusive purpose set forth in subparagraph (a) above, only to:

(i) parties to the litigation;

(ii) the Parties' outside counsel (including counsel for the Department of Justice) that are directly working on the lawsuit and clerical, paralegal and

other staff employed by such counsel who are assisting in the litigation, including independent legal translators retained to translate in connection with this action, independent graphics or design services retained by counsel for purposes of preparing exhibits for depositions, trials, or other proceedings in this action, independent document reproduction and imaging services retained by counsel, and non-technical jury or trial consulting services, including mock jurors, retained by counsel;

(iii) counsel for each department or agency of the Government involved with this lawsuit (including the Department of Justice), their legal assistants and support staff members;

(iv) up to three in-house counsel for a Party, who have responsibility for management of this lawsuit for the Party;

(v) witnesses at any hearing or deposition in the litigation, provided they first execute the statement attached hereto as Exhibit A;

(vi) witnesses whom the parties may or intend to call to testify in the litigation, provided they first

execute the statement attached hereto as Exhibit A;

(vii) outside expert witnesses and all outside technical or economic consultants who provide assistance to or on behalf of any party to the litigation, provided they first execute the statement attached hereto as Exhibit A;

(viii) stenographic reporters, official court reporters, and their assistants who are engaged in such proceedings for this action;

(ix) the Court, its Clerk, the United States Judiciary, and their legal assistants and support staff members; and

(x) any other person as agreed to in writing by all parties in advance of any disclosure, or any other person allowed by the Court.

c. In addition, each person who receives DoD Information or export-controlled information must be a United States National. A "United States National" is a United States citizen or person lawfully admitted into the United States for permanent residence, who is located in the United States. See 32 C.F.R. § 250.3(a)(1).

16. All Attorneys' Eyes Only Information provided by a Party shall be subject to the restrictions of Paragraph 15 as well as the following additional restrictions: Attorneys' Eyes Only Information may only be disclosed to:

(i) the Parties' outside counsel (including counsel for the Department of Justice) that are directly working on the lawsuit and clerical, paralegal and other staff employed by such counsel who are assisting in the litigation, including independent legal translators retained to translate in connection with this action, independent graphics or design services retained by counsel for purposes of preparing exhibits for depositions, trials, or other proceedings in this action, independent document reproduction and imaging services retained by counsel, and non-technical jury or trial consulting services, including mock jurors, retained by counsel;

(ii) subject to compliance with paragraph 18, outside expert witnesses and all outside technical or economic consultants who provide assistance to or on behalf of any party to the litigation, provided they first execute the statement attached hereto as Exhibit A;

17. Individuals authorized to review Protected Information and/or Attorneys' Eyes Only Information pursuant to this Protective Order shall hold Protected and Attorneys' Eyes Only Information in confidence and shall not divulge the Information, either verbally or in writing, to any other person or entity unless required to do so by court order. All Protected Information and Attorneys' Eyes Only Information shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information under the restrictions of this Order.

18. In connection with independent experts and consultants, each Party shall disclose to the other Party the identity and residence of each independent expert who is to be given access to Protected Information or Attorneys' Eyes Only Information. Additionally, for each independent expert or consultant, each Party shall also provide the other Party a curriculum vitae or other comparable information sufficient to identify i) the expert's current employer and employment history for the past five (5) years, including consulting relationships, and ii) any other litigation matters in which the expert has testified in the past five (5) years. The identity, residence, and curriculum vitae (or comparable information) must be provided at least ten (10) business days prior to the first disclosure of any Protected Information or Attorneys' Eyes Only Information to such expert or consultant. If a Party objects to the selected expert or consultant, it shall make its objections known in writing within ten (10) business days of notification. If agreement on the independent expert or consultant cannot be reached, the objecting Party shall have ten (10) business days after making its objections known to seek a protective order from the Court. In such case, no disclosure shall be made to the expert or consultant until the Court has ruled on the motion for a protective order. If the objecting

Party fails to seek a protective order within that time, the objection shall be deemed waived and such Protected Information may be disclosed to the independent expert subject to this Protective Order.

19. To the extent that an independent expert or consultant disclosed pursuant to paragraph 18 above is not a testifying expert, the following provisions are applicable:

A. The disclosing Party does not waive any attorney-client or work-product privilege by disclosing the names and qualifications of such experts and consultants to whom counsel intends to show Protected Information as required by Paragraph 18 above or by objecting to such experts and consultants as provided in that same Paragraph.

B. Non-testifying experts and consultants disclosed pursuant to Paragraph 18 above will not be subject to depositions or subpoenaed as witnesses at trial based solely upon the fact that they were the subject of such disclosures.

20. Parties, as represented by counsel, shall obtain and retain the original statement signed by qualified recipients of Protected Information, and shall maintain a list of all persons to whom any Protected Information is disclosed.

21. No copies of Protected or Attorneys' Eyes Only Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation. In particular, Protected and Attorneys' Eyes Only Information may not be used in connection with prosecution of any patent application or in the context of counseling or determining strategy relating to any patent prosecution efforts.

22. If counsel for a non-designating party objects to the designation of certain information as Protected or Attorneys' Eyes Only Information, he or she shall inform counsel for the designating party, in writing, of the specific grounds of any objection to the designation. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If after such good faith attempt, all counsel are unable to resolve their dispute, counsel for the party objecting to the designation may move for entry of an appropriate order. Any motion for entry of such an order shall be filed within 14 days of the date on which counsel for the designating party received written notice of another party's objection to the designation of certain information as Protected or Attorneys' Eyes Only, and the information shall continue to have Protected or Attorneys' Eyes Only Information status from the time it is produced until the ruling by the Court on the motion. The burden of proving that information has been properly designated as Protected or Attorneys' Eyes Only is on the party that makes such a designation.

23. In the event Protected or Attorneys' Eyes Only Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its status as between the parties through such use. Protected or Attorneys' Eyes Only Information and pleadings or briefs quoting or discussing Protected or Attorneys' Eyes Only Information shall be filed in a sealed parcel with the legend "**PROTECTED INFORMATION ENCLOSED" or "CONFIDENTIAL INFORMATION ENCLOSED"** conspicuously placed on the outside of the parcel containing the information. If Protected or Attorneys' Eyes Only Information is included in an electronically-filed document, the party seeking to file such Information shall seek leave to file it electronically under seal. In the event that Protected or Attorneys' Eyes Only

Information is included in any electronically-filed document, the Party seeking to file such Protected or Attorneys' Eyes Only Information shall seek leave to file it electronically under seal.

24. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Protected or Attorneys' Eyes Only Information pursuant to this Protective Order.

25. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

26. Upon termination of this litigation, including any appeals or expiration of the applicable period for filing an appeal, counsel for each private party shall (i) destroy all Protected and Attorneys' Eyes Only Information and certify in writing to all parties that such destruction has occurred, or (ii) return the Protected and Attorneys' Eyes Only Information to the producing party. All deposition transcripts and exhibits, briefs, pleadings or other filings (including all attachments and appendices) that incorporate or disclose Protected or Attorneys' Eyes Information may remain in the property of the parties' respective counsel and need not be destroyed, but shall not be made available to any party and shall remain subject to the terms and conditions of this Protective Order. Furthermore, notwithstanding the provisions of this paragraph, outside litigation counsel shall not be required to delete information that may reside on their respective firm's electronic back-up system that is over-written in the normal course of business.

27. This Protective Order represents the complete and entire agreement between the parties with respect to the disclosure and use of Protected and Attorneys' Eyes Only Information. It may be amended with leave of the Court or by express order

of the Court. It also may be amended as to particular Protected Information as a need may arise by agreement of the Parties without prior leave of the Court.

28. All notices under this Protective Order shall be served either by courier; express mail service with next-business-day delivery; or facsimile or email with a confirming copy by first class mail addressed to the attorney of record for the parties.

The foregoing is agreed to and stipulated to by Whitney, HROC, the government, and Raytheon through their counsel.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JOHN J. FARGO
Director

SCOTT BOLDEN
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC 20530
Telephone: (202) 307-0262
Facsimile: (202) 307-0345

Counsel for the United States

OF COUNSEL:
KIRBY W. LEE
Attorney

Dated: June 28, 2007

Respectfully submitted,

Dated: June 26, 2007

David C. Tobin, P.C.
TOBIN, O'CONNOR, EWING & RICHARD
5335 Wisconsin Avenue, NW, Suite 700
Washington, DC 20015
(202) 362-5900
(202) 362-6579 (fax)

Of counsel:
Jonathan T. Suder
Edward E. Casto, Jr.
FRIEDMAN SUDER & COOKE
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, Texas 76102
(817) 334-0400
(817) 334-0401 (fax)

Counsel for Plaintiffs

Respectfully submitted,

Dated: June 27, 2007

William S. Foster, Jr.
BAKER BOTTS L.L.P.
The Warner
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2400
Tel.: (202) 639-1321
Fax: (202) 639-1185

Kevin J. Meek
Douglas M. Kubehl
BAKER BOTTS L.L.P.
2001 Ross Avenue
Dallas, Texas 75201-2980
Tel.: (214) 953-6680
Fax: (214) 661-4680

Counsel for Raytheon Company

* * * * *

SIGNED AND ENTERED this ______ day of ___________________, 2007.

______________________________
EDWARD J. DAMICH
Chief Judge

**Exhibit A**

I, ______________________________, hereby affirm that I have been informed by ______________________, Esq., counsel for ______________________, that some or all of the materials and documents shown to me contain or comprise Protected or Attorneys' Eyes Only Information as defined in the Protective Order agreed to by Theodore Whitney, High Resolution Optics Co., Inc., Raytheon Company, and the United States. Accordingly, I promise I have not and will not divulge, or undertake to divulge, to any person or recording device any Protected or Attorneys' Eyes Only Information shown or told to me except as authorized in the Protective Order. I will not use the Protected or Attorneys' Eyes Only Information for any purpose other than this litigation and I will abide by the terms of the Protective Order.

____________________________________
(Signature)

Address:
____________________________________

____________________________________

Telephone No.: (____)________________