IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THEODORE WHITNEY and<br>HIGH RESOLUTION OPTICS CORP., | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 06-601 C |
| THE UNITED STATES, | ) | Chief Judge Edward J. Damich |
| Defendant, | ) | |
| and | ) | |
| RAYTHEON COMPANY, | ) | |
| Third-Party Defendant. | ) | |

**JOINT STATUS REPORT**

Pursuant to the Court's Order dated May 28, 2008, the parties identify the following terms, with the understanding that the parties will be permitted to address at the claim construction hearing the construction of all disputed claim terms and that the Court ultimately will provide constructions for all disputed claim terms, unless instructed otherwise by the Court:

**1. Plate.**

Defendant the United States and Third-Party Defendant Raytheon ("Defendants") presently believe that the Court's adoption of Defendants' proposed definition of this term will dispose of Plaintiffs' entire infringement case in Defendants' favor.

Plaintiffs will concede that the construction of this term will be significant to the resolution of the case. Plaintiffs' discovery is ongoing, however, and Defendants have not presented proof demonstrating that the Court's adoption of Defendants' proposed definition

would be dispositive. As a result, Plaintiffs cannot presently agree with Defendants that this term is case dispositive.

**2. Phase Plate.**

Defendants presently believe that the Court's adoption of Defendants' proposed definition of this term will dispose of Plaintiffs' infringement claim with respect to all patent claims containing this term, or any similar terms identified in Defendants' claim construction brief as having the same or similar definitions.

Plaintiffs will concede that the construction of this term will be significant to the resolution of claims containing this term. For the same reasons set forth above in Section 1, however, Plaintiffs cannot presently agree with Defendants that this term is claim dispositive.

**3. Lens.**

Defendants presently believe that the Court's adoption of Defendants' proposed definition of this term will dispose of at least Plaintiffs' infringement claim with respect to the accused TWS Light product.

Plaintiffs will concede that the construction of this term may be significant to the resolution of claims containing this term. For the same reasons set forth above, however, Plaintiffs cannot presently agree with Defendants that this term is dispositive as to the TWS Light product.

**4. Introduce an aspheric function.**

Defendants presently believe that the Court's adoption of Defendants' proposed definition of this term will dispose of Plaintiffs' infringement claim with respect to all patent claims containing this term or any of the similar claim terms identified in Defendants' brief as having the same or similar definition.

Plaintiffs will concede that the construction of this term will be significant to the resolution of claims containing this term. For the same reasons set forth above, however, Plaintiffs cannot presently agree with Defendants that this term is claim dispositive.

**5. Negative chromatic dispersion.**

Defendants presently believe that the Court's adoption of Defendants' proposed definition of this term will dispose of Plaintiffs' infringement claim with respect to all patent claims containing this term.

Plaintiffs will concede that the construction of this term will be significant to the resolution of claims containing this term. For the same reasons set forth above, however, Plaintiffs cannot presently agree with Defendants that this term is claim dispositive.

In addition to the terms identified above, Defendants presently believe that the Court's adoption of Defendants' proposed definitions of several of the other disputed claim terms identified in the Defendants' Brief will dispose of Plaintiffs' infringement claims with respect to all patent claims containing the respective term. Plaintiffs do not presently agree with this characterization by Defendants.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JOHN J. FARGO
Director

SCOTT BOLDEN
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC 20530
Telephone: (202) 307-0262
Facsimile: (202) 307-0345

Counsel for the United States

OF COUNSEL:
KIRBY W. LEE
Attorney

Date: June 6, 2008

Respectfully submitted,

David C. Tobin, P.C.
TOBIN, O'CONNOR, EWING & RICHARD
5335 Wisconsin Avenue, NW, Suite 700
Washington, DC 20015
(202) 362-5900
(202) 362-6579 (fax)

Of counsel:
Edward E. Casto, Jr.
NELSON BUMGARDNER CASTO, P.C.
5601 Bridge Street, Suite 300
Fort Worth, Texas 76112
(817) 377-9111
(817) 377-3485 (fax)

Jonathan T. Suder
FRIEDMAN SUDER & COOKE
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, Texas 76102
(817) 334-0400
(817) 334-0401 (fax)

Date: June 6, 2008

Counsel for Plaintiffs

Respectfully submitted,

William S. Foster, Jr.
BAKER BOTTS L.L.P.
The Warner
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2400
Tel.: (202) 639-1321
Fax: (202) 639-1185

Kevin J. Meek
Douglas M. Kubehl (Admission to USCFC Pending)
BAKER BOTTS L.L.P.
2001 Ross Avenue
Dallas, Texas 75201-2980
Tel.: (214) 953-6680
Fax: (214) 661-4680

Date: June 6, 2008

Counsel for Raytheon Company